IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40352
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SERRATO-BELMONTEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-R-1227-1
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Serrato-Belmontez appeals his guilty-plea conviction and sentence, arising out of his having been found in the United States after having been "denied admission, excluded, deported, or removed" in violation of 8 U.S.C. § 1326.

Serrato-Belmontez contends his indictment was unconstitutionally vague because it failed to charge him with any *mens rea*. Serrato-Belmontez concedes that his argument is foreclosed by this court's precedent in United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 121 S.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 2600 (2001), and United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001), cert. denied, 122 S. Ct. 288 (2001), but he wishes to preserve the argument for review by the Supreme Court.

Serrato-Belmontez also claims his prior conviction for transporting aliens did not constitute an "aggravated felony" conviction warranting a 16-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A).  As Serrato-Belmontez concedes, this court has already determined that transporting aliens constitutes an aggravated felony.  See United States v. Monjaras-Castaneda, 190 F.3d 326, 331 (5th Cir. 1999), cert. denied, 528 U.S. 1194 (2000).  Serrato-Belmontez seeks only to preserve the issue for Supreme Court review.

The judgment of the district court is AFFIRMED.